UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates To:*
*Adams, et al. v. General Motors LLC, 15-CV-5528;*
*Blood, et al. v. General Motors LLC, 15-CV-6578;*
*Lambeth v General Motors LLC, 14-CV-5458*

-------------------------------------------------------------------------x

14-MD-2543 (JMF)

ORDER

JESSE M. FURMAN, United States District Judge:

On April 9, 2018, the Court granted the motion to withdraw of Hilliard Martinez Gonzales and Thomas J. Henry Injury Attorneys (the "Firms") from representing four plaintiffs (the "Affected Plaintiffs") and severed the claims of each of the Affected Plaintiffs from the complaints filed by the Firms. (*See* Docket No. 5358, (the "April 9 Order") at Ex. A). The April 9 Order provided each of the Affected Plaintiffs ninety (90) days — that is, until July 8, 2016 — to file a new lawsuit in this Court and to pay any filing fee associated with filing a complaint pursuant to 28 U.S.C. § 1914(a). (Docket No. 5358 ¶ 3). On July 10, 2018, pursuant to the April 9 Order, Paragraph 5, New GM filed a First Notice of Non-Compliance requesting dismissal without prejudice of the claims of the Affected Plaintiffs who had failed to comply with the April 9 Order (Docket No. 5799). On July 16, 2018, the Court granted the motion as to the Affected Plaintiffs listed on Exhibit A. (Docket No. 5821). On August 16, 2018, New GM filed a Second Notice of Non-Compliance requesting that the Court dismiss the claims of each of the Affected Plaintiffs *with* prejudice. (Docket No. 5940.)

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of a failure to

prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962); *see, e.g.*, *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004); *see also, e.g.*, *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (noting that district courts' "responsibility to manage their dockets so as to achieve the orderly and expeditious disposition of cases . . . is particularly acute where the litigation is complex and continuing"). Because dismissal is "one of the harshest sanctions at a trial court's disposal," however, it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251. In considering a Rule 41(b) dismissal, a court must weigh five factors: "(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

Upon due consideration of the foregoing factors, the Court finds that dismissal with prejudice is the appropriate sanction for Plaintiffs' continued failure to file severed and amended complaints and pay the associated filing fees as required by the April 9 Order. Plaintiffs have been on continual notice of the consequences of failing to file severed and amended complaints, and have been repeatedly reminded over the past several months — through the April 9th Order itself; New GM's First Notice of Non-Compliance requesting dismissal without prejudice of the claims of the Affected Plaintiffs who had failed to comply with the April 9th Order (Docket No. 5799); and the Court's dismissal without prejudice of the claims of the Affected Plaintiffs

2

(Docket No. 5821). Those efforts to inform Plaintiffs of the consequences of their noncompliance with the April 9th Order have proved fruitless, leaving the Court with no "means to move this case forward efficiently without the cudgel of extreme sanctions," *Baptiste v. Sommers*, 768 F.3d 212, 219 (2d Cir. 2014).

In light of the foregoing, the claims of Plaintiffs listed on Exhibit A are hereby DISMISSED with prejudice. *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d at 487 (holding "that the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints").

The Clerk of Court is directed to terminate the individuals listed on Exhibit A as plaintiffs in *both* 14-MD-2543 and their respective member cases, and in the event all other parties have been terminated, to close the case.

In accordance with the April 9th Order, New GM shall serve a copy of this Order on all Plaintiffs listed on Exhibit A and file proof of such service.

SO ORDERED.

Dated: August 22, 2018
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

# Exhibit A

**Exhibit A**

| Name | Case Caption |
|---|---|
| Gregory, Brenda | Adams, et al., v. General Motors LLC; 1:15-cv-05528 |
| Lankford, Jennifer | Adams, et al., v. General Motors LLC; 1:15-cv-05528 |
| Blennis, Jason | Blood, et al. v. General Motors LLC; 1:15-cv-06578 |
| Lambeth, Keith | Lambeth v. General Motors LLC; 1:14-cv-05458 |